Mr. Kenneth H. Ashworth Commissioner Coordinating Board Texas College and University System P. O. Box 12788 Austin, Texas 78711
Re: Eligibility of aliens holding E-1 visas, and those under a NATO Status of Forces Agreement to pay resident tuition at state institutions of higher education; clarification of Attorney General Opinion JM-241 (1984) (RQ-1274)
Dear Mr. Ashworth:
You ask for a clarification of Attorney General Opinion JM-241
(1984) in the light of certain developments in the law subsequent to the date that opinion was issued.
In Attorney General Opinion JM-241, we considered whether federal law required Texas to permit certain categories of aliens present in the United States to adopt this state as their domicile for the purposes of section 54.057 of the Texas Education Code. That law provides, in part, that
 [a]n alien who is living in this country under a visa permitting permanent residence or who has filed with the proper federal immigration authorities a declaration of intention to become a citizen has the same privilege of qualifying for resident status for fee purposes under this Act as has a citizen of the United States. . . .
Educ. Code § 54.057.
We determined that the Supremacy Clause of the United States Constitution required Texas to allow aliens who are permitted by the Congress to adopt the United States as their domicile while they are in this country to have the same privileges as citizens and permanent residents of the Unites States despite the limitations in section 54.057 which restrict its application either to persons with the status of permanent resident or to those awaiting naturalization. See generally Toll v. Moreno,458 U.S. 1 (1982).
This means, of course, that certain aliens residing in Texas may qualify as residents for purposes of tuition at state universities. Such aliens are required to meet the standards of proof for establishing resident status required of all other claimants under the Education Code.
Attorney General Opinion JM-241 determined that, among others, holders of visas in the E-1 category (certain employees of foreign commercial firms working in the United States) and persons stationed in this country by the armed forces of signatories to the Agreement between the Parties to the North Atlantic Treaty regarding the Status of their Forces, 4 U.S.T. 1792, T.I.A.S. 2846 (the Status of Forces Agreement), are entitled to require Texas to recognize this state as their domicile for the purposes of section 54.057 of the Education Code. Based on the rationale in Toll v. Moreno, supra, the opinion stated:
 The Immigration and Nationality Act establishes various categories of nonimmigrant aliens. Congress expressly conditioned admission of aliens in some nonimmigrant categories on an intent not to abandon a foreign residence, a fact which precludes the establishment of a domicile in the United States for those aliens while allowing the establishment of a domicile for certain other nonimmigrant categories.
Attorney General Opinion JM-241 (1984).
Subsequent to the issuance of our opinion, the General Counsel of the Immigration and Naturalization Service, in a letter to the Taxes College and University System, stated that it was the position of his office that aliens holding visas in the E-1 category were not permitted by Congress to establish a domicile in the United States:
 [P]ursuant to INS regulations, traders and investors . . . are admitted for a period not to exceed one year. See 8 C.F.R. § 214.2(e). In fact, the legislative history of the Immigration and Nationality Act of 1952 mentions the temporary nature of the . . . category. . . . It seems therefore, that Congress has not permitted E aliens to adopt the United States as their domicile while they are here.
Letter, Maurice Inman, General Counsel, United States Immigration and Naturalization Service, to Mack Adams, Assistant Commissioner for Student Services, Texas College and University System, October 18, 1985.
We defer to the expert interpretation of the Immigration and Nationality Act developed by the chief legal officer of the agency charged with implementing the law. See e.g., United States v. 525 Company, 342 F.2d 759 (1965). Accordingly, JM-241 is modified insofar as it states that the holders of visas in the E-1 category must be permitted to adopt Texas as their domicile for the purposes of applying section 54.057 of the Education Code.
Additionally, with regard to the persons associated with the armed forces of signatories to the Status of Forces Agreement, supra, the General Counsel of the Immigration Service has issued an opinion concerning the ability of such alien military personnel and their dependents to acquire a domicile here. In pertinent part the opinion says:
 You have requested our opinion as to whether Congress allows [persons subject to the Status of Forces Agreement] to enter the United States as nonimmigrant aliens on terms permitting the establishment of domicile. This office has reviewed the pertinent immigration statutes as well as the NATO Status of Forces Agreement and is unable to conclude that any of these laws or agreements clearly conveys the right to establish domicile in the United States under federal immigration law.
. . . .
 Personnel entering the United States under the NATO Status of Forces Agreement are accorded a nonimmigrant classification under that Agreement, and not under the Immigration and Nationality Act. Article III states that NATO personnel `shall not be considered as acquiring any right to permanent residence or domicile in the territories of the receiving State.' NATO Status of Forces Agreement, T.I.A.S. 2846 (1951).
Letter, Maurice Inman, General Counsel, United States Immigration and Naturalization Service, to R. G. Grosskraumbach, Legal Affairs Section, Federal Republic of Germany, Armed Forces Administrative Agency, August 20, 1985.
Although the Immigration Service document setting forth this view is labeled as only representing the view of the General Counsel of the Service, we believe that it should be accorded great weight. United States v. 525 Company, supra. Therefore, to the extent that it permits aliens present in Texas to acquire domicile for the purpose of section 54.057 of the Education Code solely because of their status under the Status of Forces Agreement, Attorney General Opinion JM-241 is hereby modified.
 SUMMARY
Under the Supremacy Clause of the United States Constitution, aliens who are permitted by Congress to adopt the United States as their domicile while they are in this country must be allowed the same privilege as citizens and permanent residents of the United States to qualify for Texas residency for the purposes of tuition at state universities, despite the limitation in section54.057 of the Texas Education Code. Holders of visas in the E-1 category, and aliens covered by the Agreement between the Parties to the North Atlantic Treaty regarding the Status of their Forces, 4 U.S.T. 1792, T.I.A.S. 2846, are not permitted by Congress to establish domicile in the United States and therefore need not be permitted to establish residency status for the purposes of section 57.057 of the Texas Education Code. Attorney General Opinion JM-241, to the extent that it is inconsistent with this opinion, is modified.
Very truly yours,
 Jim Mattox Attorney General of Texas
 Mary Keller First Assistant Attorney General
 Lous McCreary Executive Assistant Attorney General
 Judge Zollie Steakly Special Assistant Attorney General
 Rick Gilpin Chairman Opinion Committee
 Prepared by Don Bustion Assistant Attorney General